show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 1 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 1 of 15

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
                                      :
UNITED STATES OF AMERICA              :    **SUPERSEDING INDICTMENT**
                                      :
         - v. -                       :    S1 12 Cr. 585 (KBF)
                                      :
IOANNIS VIGLAKIS,                     :
     a/k/a "Pablo,"                   :
                                      :
              Defendant.              :
                                      :
- - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 19 2013

**COUNT ONE**

**ATTEMPT TO COMMIT NARCO-TERRORISM**

The Grand Jury charges:

**BACKGROUND**

*Fuerzas Armadas*
*Revolucionarias de Colombia*

1.   From in or about 1964 until on or about the date of filing of this Indictment, the Fuerzas Armadas Revolucionarias de Colombia (the "Revolutionary Armed Forces of Colombia" or "FARC") has been and is an international terrorist group dedicated to the violent overthrow of the democratically elected Government of Colombia. To further its terrorist activities, the FARC actively engages in narcotics trafficking as a financing mechanism and has evolved into the world's largest supplier of cocaine. The FARC is styled as a military group and is comprised of thousands of armed guerillas.

2.   In October 1997, the United States Secretary of State designated the FARC as a foreign terrorist organization

pursuant to Section 219 of the Immigration and Nationality Act. The Secretary of State re-designated the FARC as a foreign terrorist organization on October 2, 2003, and October 11, 2005. The FARC remains so designated as of the date of the filing of this Indictment.

3. Over the past several years, the FARC has directed violent acts against United States persons and commercial and property interests in foreign jurisdictions, including, but not limited to, Colombia. In particular, the FARC leadership has ordered FARC members to kidnap and murder United States citizens and to attack United States interests in order to dissuade the United States from continuing its efforts to assist the Colombian government's initiative to fumigate and disrupt the FARC's cocaine and cocaine paste manufacturing and distribution activities. The FARC's violent acts directed against the United States and United States interests have included: (1) the murder of United States nationals; (2) the kidnapping of United States nationals; and (3) the bombing of a restaurant in Bogota, Colombia, frequented by United States nationals.

4. To further its terrorist and narcotics trafficking activities, the FARC actively attempts to obtain automatic rifles, ammunition, machine guns, explosives and other types of weapons from other entities.

show_temp.pl  https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 3 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 3 of 15

### The Defendant and the Scheme to Provide Weapons to the FARC in Exchange for Cocaine and Cash

5. IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, is an arms trafficker and a narcotics trafficker who resides in Greece and has connections to weapons suppliers located in Eastern Europe and elsewhere.

6. From at least in or about November 2011, up to and including on or about August 7, 2012, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, had meetings and phone conversations with a Drug Enforcement Administration ("DEA") confidential source ("CS-1") in Europe and Central America to negotiate a weapons transaction. CS-1 told VIGLAKIS that he (CS-1) was seeking weapons for use by the FARC to, among other things, attack American forces in Colombia. VIGLAKIS offered to provide the FARC with military-grade weapons – including assault rifles, rocket-propelled grenade ("RPG") launchers, surface-to-air missiles ("SAMs"), and hand grenades – in exchange for kilograms of cocaine and cash. VIGLAKIS later caused a sample of three RPG launchers and six RPGs to be delivered to CS-1. VIGLAKIS also gave CS-1 approximately 8,500 euros as a partial payment to the FARC to transport a multi-kilogram shipment of cocaine to Europe, and offered to provide approximately 200 hand grenades in exchange for additional kilograms of cocaine.

7. During the course of his negotiations with CS-1, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, participated in

-3-

Case 1:12-cr-00585-KBF   Document 23-1   Filed 02/19/13   Page 4 of 15

the following meetings, telephone calls, and e-mail communications with CS-1, among others:

      a. On or about November 1, 2011, in Madrid, Spain, VIGLAKIS participated in a consensually recorded meeting with CS-1, at which VIGLAKIS gave CS-1 a handwritten list of the types of weapons that VIGLAKIS could provide, including AK-47 assault rifles, sniper rifles, semi-automatic handguns, hand grenades, RPG launchers, and Russian-made SAMs, and told CS-1 that he would be willing to receive payment for weapons in a combination of cocaine and cash.

      b. On or about December 6, 2011, in Panama City, Panama, VIGLAKIS participated in a consensually recorded meeting with CS-1, at which VIGLAKIS and CS-1 discussed the FARC's use of weapons to fight the Colombian and American governments, and VIGLAKIS provided CS-1 with digital images of various types of weapons that he could provide, including AK-47s, sniper rifles, RPG launchers, and Russian-made SAMs.

      c. On or about February 14, 2012, in Athens, Greece, VIGLAKIS participated in a consensually recorded meeting with CS-1, at which VIGLAKIS explained to CS-1, among other things, the kinds of weapons that the FARC would need to shoot down American aircraft, and told CS-1 that "heat seekers [SAMs] . . . are expensive but they really do the job. They go straight for the plane and shoot it down. . . . the plane goes down.

-4-

show_temp.pl                                                                          https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS   Document 31-1   Filed 05/30/13   Page 5 of 15
Case 1:12-cr-00585-KBF   Document 23-1   Filed 02/19/13   Page 5 of 15

Finished."

        d.    On or about March 21, 2012, VIGLAKIS had a consensually recorded telephone conversation with CS-1, in which he told CS-1, in substance and in part, that he had three RPG launchers available for €14,000 each.

        e.    In or about June 2012, VIGLAKIS advised CS-1 by e-mail, in substance and in part, that he could provide the above-referenced three RPG launchers in Greece.

        f.    On or about June 20, 2012, VIGLAKIS participated in a consensually recorded meeting with CS-1, at which VIGLAKIS discussed the arrival date of a sample of RPG launchers, the FARC's desire to purchase additional weapons, and VIGLAKIS's desire to purchase cocaine from CS-1.

        g.    On or about June 21, 2012 and June 22, 2012, VIGLAKIS had consensually recorded telephone conversations with CS-1, in which he told CS-1, in substance and in part, that the transfer of the RPG launchers would have to be delayed due to logistical issues related to their transport into Greece.

        h.    On or about June 27, 2012, VIGLAKIS sent an e-mail to CS-1 informing CS-1 that two of the RPG launchers had in fact arrived in Greece.

        i.    On or about July 18, 2012, VIGLAKIS participated in a consensually recorded meeting with CS-1 while they waited for the RPG launchers to be delivered at a nearby

-5-

show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 6 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 6 of 15

parking lot. During the course of the meeting, a taxi driver arrived at the parking lot and dropped off several packages to a DEA undercover agent (the "UC"). The UC opened the packages, which contained three RPG launchers, six RPGs, and related equipment. After receiving the packages, the UC left the parking lot and joined VIGLAKIS and CS-1. The UC then gave VIGLAKIS a plastic bag containing $55,000 in cash as payment for the RPG launchers and other items that had just been delivered.

j. At the same consensually recorded meeting on or about July 18, 2012, while VIGLAKIS and CS-1 waited for the weapons to be delivered, VIGLAKIS asked if CS-1 could help him acquire kilograms of cocaine and transport them to Spain. CS-1 offered to sell VIGLAKIS twenty-five kilograms of cocaine that CS-1 had purportedly received from the FARC, at a cost of $3,800 per kilogram, plus a fee of $700 per kilogram to transport the drugs to Spain. VIGLAKIS told CS-1 that he could provide CS-1 with money for the drugs on his next trip to Panama.

k. On or about July 27, 2012, VIGLAKIS had a consensually recorded telephone conversation with CS-1, in which VIGLAKIS was informed by CS-1, in substance and in part, that the FARC would be transporting VIGLAKIS's twenty-five kilograms of cocaine to Europe and that CS-1 would give the FARC the money that VIGLAKIS provided to him.

l. In or about the morning of August 6, 2012, in

-6-

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 7 of 15
Case 1:12-cr-00585-KBF Document 26-1 Filed 02/19/13 Page 7 of 15

Panama City, Panama, VIGLAKIS participated in a consensually recorded meeting with CS-1 and a Panamanian undercover officer purporting to be an associate of CS-1 (the "Panamanian UC"). At that meeting, VIGLAKIS asked CS-1 about possible delivery locations in Spain for his twenty-five kilograms of cocaine. VIGLAKIS also offered to provide CS-1 with approximately 200 hand grenades that had been stolen from the military in Greece, and told CS-1, in substance and in part, that he could obtain false end-user certificates for the larger weapons shipment to the FARC that the two had discussed in previous meetings.

    m. In or about the early afternoon of August 6, 2012, in Panama City, Panama, VIGLAKIS, CS-1, and the Panamanian UC drove to a location outside of Panama City, where VIGLAKIS inspected and marked twenty-five individual kilogram packages of cocaine. On the way back to Panama City, VIGLAKIS called his contact in Greece to attempt to obtain the 200 hand grenades in exchange for twenty-five additional kilograms of cocaine. At the conclusion of the meeting, VIGLAKIS gave CS-1 approximately 8,500 euros as a partial payment to the FARC for his shipment of cocaine to Spain.

## STATUTORY ALLEGATIONS

    8. From at least in or about November 2011, up to and including on or about August 7, 2012, in an offense begun and committed outside of the jurisdiction of any particular State or

-7-

show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 8 of 15
Case 1:12-cr-00585-KBF Document 26-1 Filed 02/19/13 Page 8 of 15

district of the United States, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, who was first brought to and arrested in the Southern District of New York, did attempt to engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the distribution, and possession with the intent to distribute, of five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the FARC and its members, operatives and associates, having knowledge that said persons and organization have engaged in and engage in terrorism and terrorist activity, which prohibited terrorist offense would and did violate the criminal laws of the United States, which offense and terrorist offense would and did occur in and affect foreign commerce, which terrorist offense would and did cause and was designed to cause death and serious bodily injury to nationals of the United States while the nationals are outside the United States, and substantial damage to the property of a legal entity organized under the laws of the United States while that property is outside of the United States, and which offender, to wit, VIGLAKIS, was brought into and found in the

-8-

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 9 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 9 of 15

United States after the conduct required for the offense had occurred.

(Title 21, United States Code, Section 960a and
Title 18, United States Code, Section 3238.)

### COUNT TWO

### ATTEMPT TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION

The Grand Jury further charges:

9. Paragraphs 1 through 7 are incorporated herein as if re-alleged in full.

### STATUTORY ALLEGATIONS

10. From at least in or about November 2011, up to and including on or about August 7, 2012, in an offense occurring in and affecting foreign commerce, and begun and committed outside of the jurisdiction of any particular State or district of the United States, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, who was first brought to and arrested in the Southern District of New York, did knowingly attempt to provide weapons and other material support and resources to a foreign terrorist organization, namely, the FARC, which was designated as a foreign terrorist organization in October 1997 by the United States Secretary of State, re-designated as such on October 2, 2003 and October 11, 2005, and is currently designated as such as of the date of the filing of this Indictment, knowing that the FARC

-9-

engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and that the FARC engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), to wit, VIGLAKIS arranged for the delivery of three rocket-propelled grenade launchers and six rocket-propelled grenades to a law enforcement officer acting in an undercover capacity in or around Athens, Greece, and gave approximately 8,500 euros to a DEA confidential source in or around Panama City, Panama, as partial payment for a multi-kilogram shipment of cocaine to Spain.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1), 3238, and 2.)

## COUNT THREE

### POSSESSION OF A FIREARM

The Grand Jury further charges:

11.  Paragraphs 1 through 7 are incorporated herein as if re-alleged in full.

12.  On or about July 18, 2012, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, who was first brought to and arrested in the Southern District of New York, knowingly did use and carry a firearm during and in relation to a drug trafficking crime and a

-10-

crime of violence for which he may be prosecuted in a court of the United States, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, to wit, VIGLAKIS arranged for the delivery of destructive devices, to wit, a rocket-propelled grenade launcher and a rocket-propelled grenade, to a law enforcement officer acting in an undercover capacity in or around Athens, Greece, during and in relation to, and in furtherance of, the attempt to commit narco-terrorism charged in Count One and the attempt to provide material support charged in Count Two.

(Title 18, United States Code, Sections 924(c)(1)(A), (B)(ii), 3238, and 2.)

## FIRST FORFEITURE ALLEGATION

(As to Count One)

13. As a result of committing the controlled substance offense alleged in Count One of this Indictment, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds that the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of this Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the

-11-

Case 1:12-cr-00585-LGS  Document 31-1  Filed 05/30/13  Page 12 of 15
Case 1:12-cr-00585-KBF  Document 23-1  Filed 02/19/13  Page 12 of 15

offense described in Count One of this Indictment.

### Substitute Assets Provision

14.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;
 b. has been transferred or sold to, or deposited with, a third person;
 c. has been placed beyond the jurisdiction of the Court;
 d. has been substantially diminished in value; or
 e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

### SECOND FORFEITURE ALLEGATION

(As to Count Two)

15.  As a result of committing the terrorism offense alleged in Count Two of this Indictment, IOANNIS VIGLAKIS, a/k/a "Pablo," the defendant, shall forfeit to the United States,

-12-

show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 13 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 13 of 15

pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461:

    a. all right, title, and interest in all assets, foreign and domestic;

    b. all right, title, and interest in all assets, foreign and domestic, affording a source of influence over the FARC;

    c. all right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

    d. all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

-13-

show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 14 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 14 of 15

16. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Sections 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981(a)(1)(G) and 2332b(g)(5); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_/s/ [signature]_  
FOREPERSON

_/s/ Preet Bharara_  
PREET BHARARA  
United States Attorney

-14-

show_temp.pl https://ecf.nysd.uscourts.gov/cgi-bin/show_temp.pl?file=11086794-0--21...

Case 1:12-cr-00585-LGS Document 31-1 Filed 05/30/13 Page 15 of 15
Case 1:12-cr-00585-KBF Document 23-1 Filed 02/19/13 Page 15 of 15

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

IOANNIS VIGLAKIS,
a/k/a "Pablo,"

Defendant.

SUPERSEDING INDICTMENT

S1 12 Cr. 585 (KBF)

(Title 21, United States Code, Section
960a; Title 18, United States Code,
Sections 2, 924(c), 2339B, and 3238.)

PREET BHARARA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

2/14/13 - Filed Superseding Information.
*[signature]* Judge Gorenstein
U.S.M.J.