UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA        :
                                                           :        12 Cr. 585 (LGS)
                  -against-                :
                                                            :        <u>ORDER</u>
    IOANNIS VIGLAKIS,                      :
                                  Defendant.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

        WHEREAS, on May 7, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On May 15, 2020, the Government filed its response in opposition;

        WHEREAS, on December 10, 2013, Defendant pleaded guilty to Attempting to Provide Material Support or Resources to Terrorist in violation of 18 U.S.C. § 2339. On September 3, 2014, Defendant was sentenced to 120 months' incarceration;

        WHEREAS, Defendant is currently housed at FCI Forrest City Low, and is scheduled to be released on February 12, 2021;

        WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

**"<u>Extraordinary and Compelling Reasons</u>"**

        WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors, including, but not limited to, diabetes mellitus, hypertension, COPD, coronary artery disease, cerebrovascular disease, chronic renal disease, and smoking, might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12–March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2external icon.  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary or compelling

circumstances.  Defendant is fifty-nine years old, and represents that he has a brain cyst and extreme chronic stomach ulcers which are susceptible to possible infection.  Defendant does not represent that either of these health conditions have been found to be risk factors that place him at higher risk of severe disease or death from COVID-19.  *See United States v. Haney*, No. 19 Cr. 541, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (finding no compelling reasons where defendant was less than 65 years old and did not suffer from asthma, diabetes, heart disease "or other deleterious health conditions that make [people] unusually vulnerable to the effects of COVID-19");

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a);

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence due to the serious nature of the offense; a reduction in Defendant's sentence by almost nine months would neither "afford adequate deterrence to criminal conduct" nor "promote

respect for the law." It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.

Dated: May 22, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4